RECEIVED
_____ ENTERED                    _____ SERVED ON
                        COUNSEL/PARTIES OF RECORD

JAN 0 5 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ RJDb _____ DEPUTY

1   Marcella Fox
    1405 Vegas Valley Dr. Apt 305
2   Las Vegas NV 89169
    P: (562) 519-4195
3   E: 1limitlesscleverfox@gmail.com
4   Plaintiff in Pro se

**UNITED STATES DISTRICT COURT**

**Distric**

Marcella Fox                                      2:24-cv-00047-CDS-NJK

        Plaintiffs,

        v.                                         COMPLAINT FOR MONETARY

Ryan Kovacs, an individual, Le Croque-             DAMAGES, LOSS OF EARNINGS

Mitaine LLC, a Domestic Limited-Liability          CAPACITY, COMPENSATORY

Company, Orange Realty Group LLC, a                DAMAGES, EXEMPLARY DAMAGES,

Company, Orange Realty Group LLC, a                PUNITIVE DAMAGES and

Domestic Limited-Liability Company. Casa           INJUNCTION

Vegas Adult Condominiums Association, a                1. FRAUDULENT

Domestic Nonprofit Cooperative                           MISREPRESENTATION and

Corporation Without Stock and, HopeLink                  DECIET,

of Southern Nevada, a Domestic Nonprofit              2. FAILURE TO ENGAGE IN THE

Corporation                                             INTERACTIVE PRCESS,

        Defendants.                                   3. FAILURE TO

                                                        ACCOMMODATE,

                                                      4. NEGLIGENCE,

- 1 -
PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF
EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES,
PUNITIVE DAMAGES and INJUNCTION

6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS,

7. DISCRIMINATION BASED ON DISABILITY,

8. BREACH OF CONTRACT, and

9. DISCRIMINATION BASED ON FAMILIA STATUS

**JURY TRIAL DEMANDED**

Judge:

Date Action filed:

Date set for trial:

Plaintiffs complains of Defendants and for causes of action alleges:

## I.     PARTIES AND JURISDICTION

1.     Plaintiff MARCELLA FOX, (hereinafter Plaintiff) is a resident of Las Vegas a City in Clark County Nevada. Plaintiff and her family members, including her minor children, are tenants at CASA VEGAS located at 1405 Vegas Valley Dr, Apt 305, Las Vegas Nevada 89169 (hereinafter the property), which is owned and operated by Ryan Kovacs, Le Croque-Mitaine LLC, Orange Realty Group LLC, Casa Vegas Adult Condominiums Association, and HopeLink of Southern Nevada. The Plaintiff has resided in the property since on or about March 2022. Plaintiff, Marcella Fox, is a disabled person as described by the Americans with Disabilities Act and the Fair Housing Act. The Plaintiff is considered part of the vulnerable population.

2

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

2.    Defendant RYAN KOVACS is an individual with his principal place of business in Clark County Nevada. Ryan Kovacs is the owner of the property located at 1405 Vegas Valley Dr. Apt 305 Las Vegas, Nevada 89169, in which the plaintiff and her family reside. He owns several other properties as well as businesses and LLCs. His address, 222 KAREN AVE., UNIT 1401, Las Vegas, NV, 89109, USA.

3.    Defendant LE CROQUE-MITAINE LLC, is a Domestic Limited-Liability Company with its principal place of business in Clark County Nevada located at 222 KAREN AVE., UNIT 1401, Las Vegas, NV, 89109, USA. Ryan Kovacs is the manager of Le Croque-Mitaine LLC. Le Croque-Mitaine LLC is the owner of the property and several other properties.

4.    Defendant ORANGE REALTY GROUP LLC (hereinafter Orange Realty) is a Domestic Limited-Liability Company, with its principal place of business in Clark County Nevada.  Its primary office is located in Clark County Nevada at 6230 MCLEOD DR STE 100, LAS VEGAS, NV, 89120, USA. Orange Realty is a Real Estate, Realty Investments, and Property Management company located in Las Vegas, Nevada with about $17 million in revenue and 26 employees. Orange Realty is the management company hired by Ryan Kovacs and Le Croque-Mitaine LLC to manage their property.

5.    Defendant HOPELINK OF SOUTHERN NEVADA (hereinafter HopeLink) is a Domestic Nonprofit Corporation. HopeLink provides case managers, provide information, referrals, advice, advocacy as well as other services and support to the vulnerable population. Their corporate office is at 178 Westminster Way, Henderson, Nevada, 89015, USA and has 18 employees and about $13 million in revenue including but not limited to government funding, grants and donations.  HopeLink entered into contract with Plaintiff in a business/voluntary relationship.

3

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

6.     Defendant CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION (hereinafter the HOA) is a Domestic Nonprofit Cooperative Corporation Without Stock. The principal office is located in Las Vegas, Nevada, 160 E Horizon Dr suite b, Henderson, NV 89015, USA. This organization primarily operates in the Condominium Association business, an industry within the Membership Organizations sector. This organization has been operating for approximately 47 years. They are the Homeowners and/or Condominium Association that is responsible for overseeing the property, maintaining the property and enforcing CC&R rules and bylaws.

7.     All events giving rise to the causes of action that are the subject of this litigation took place at Casa Vegas located at 1405 Vegas Valley Dr. Las Vegas Nevada 89169.

## II.     Venue

8.  This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the case and/or complaint involves federal questions.

9.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Defendants do business in Nevada, and their registered agents for service are located in Las Vegas, Clark County Nevada,

## III.     FACTS COMMON TO ALL CAUSES OF ACTION

10.     On or about February of 2022, Plaintiff and her family entered into a business/ voluntary relationship with HopeLink. HopeLink agreed to help the plaintiff locate and obtain safe and affordable housing as well as provide advocacy, rental assistance and other services and support to the Plaintiff and her family.

4

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

11.   On or about February 2022 HopeLink instructed the plaintiff and her family members to search for housing opportunities and HopeLink was to provide the plaintiff with funds for the rental applications required for the housing opportunities sought by the plaintiff.

12.   The Plaintiff presented HopeLink with various housing opportunities around February of 2022 through March of 2022. HopeLink denied each and every housing opportunity that the Plaintiff presented.

13.   On or about March of 2022 HopeLink contacted the plaintiff and informed her that they had located a unit for the Plaintiff and her family. HopeLink informed the Plaintiff that they would inspect the property and negotiate a contract regarding the property on behalf of the Plaintiff. The Plaintiff did inform HopeLink that the housing opportunity presented by HopeLink was not suitable for the plaintiff due to many factors. HopeLink insisted and denied any other housing options.

14.   On or about March of 2022 HopeLink contacted the plaintiff and her family to inform them that HopeLink had inspected and passed the property for the Plaintiff and her family to move in.

15.   On or about March of 2022 HopeLink informed the plaintiff that they secured the property on behalf of the Plaintiff and would be delivering the keys to the property so that the Plaintiff and her family could move in the property.

16.   HopeLink did not allow Plaintiff and her family members to be present at the inspection of the property, visit the property or neighborhood or inspect the property prior to moving into the property.

17.   HopeLink did not allow the Plaintiff to locate affordable housing in areas of her choice thus denying her fair and equal housing opportunity.

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

18.    On or about March 2022 HopeLink and Orange Realty made misrepresentation of the property and compelled Plaintiff to sign the contract via email and without viewing the property.

19.    On or about March of 2022 the Plaintiff and her family moved into the property with the intention of being tenants in a safe, secure and habitable dwelling.

20.    On or about March of 2022 the Plaintiff noticed issues within the unit and decided to conduct her own "move in walk through".

21.    After moving into the property and conducting a "walk through" the plaintiff notified Orange Realty and HopeLink of plumbing, heating, and other habitability issues within the property.

22.    The Plaintiff made numerous requests and demands for repairs throughout her tenancy on or around March 2022 to date. Including claims of inhabitability.

23.    The plaintiff made the defendants aware that the conditions of the property were causing physical and psychological harm, as well as irrefutable and irreparable damage to the plaintiff and her family on several occasions.

24.    All defendants were aware of the plaintiff's disabilities and failed to engage in the interactive process.

25.    All defendants were aware of the plaintiff's disabilities and failed to provide any reasonable accommodation.

26.    All defendants violated the plaintiff's civil rights.

27.    The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC did not repair the property to habitable conditions.

28.    By not providing habitable property the defendants, HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC breached their contract.

6

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

1    29.    HopeLink neglected to advocate and failed to provide services as promised. .

2    30.    The defendants, HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC,

3    and the HOA made false representations about the property.

4    31.    The HOA willingly and knowingly disregarded their duties to enforce CC&R rules and

5    bylaws resulting in harm to the plaintiff and her family members.

6    32.    The HOA put restrictions on children being unsupervised in the common areas of CASA

7    VEGAS and has contacted the plaintiff on numerous occasions regarding her children in the

8    common areas "unsupervised."

9    33.    Plaintiff believes that all defendants knowingly and willfully violated the warranty of

10   habitability.

11   34.    Plaintiff also suffered from the preexisting conditions of her mental health and other

12   disabilities, making the incidents particularly damaging.

13   35.    Immediately upon moving into the property, Plaintiff notified all defendants and reported

14   the violations.

15   36.    Immediately upon discovering any issues in, on or around the property, Plaintiff notified

16   all defendants to report the violations.

17   37.    Due to the severity of Plaintiff's mental state and the negative impact the inhabitable

18   property and the acts and omissions of the Defendants, Plaintiff's mental health deteriorated and

19   her and her family members suffered physical damage as well as property damage.

20   38. As a proximate result of Defendants' conduct, Plaintiff has incurred actual, incidental, and

21   consequential damages according to proof.  Plaintiff suffered as a proximate result of the

22   incident, and Plaintiff's property was destroyed during the incident.

7

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF
EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES,
PUNITIVE DAMAGES and INJUNCTION

## IV.   FIRST CAUSE OF ACTION

**Fraudulent Misrepresentation and Deceit, Negligence, Breach of Contract, Failure to Engage in the Interactive Process, Failure to Accommodate, Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress, Discriminatory Conduct under Nevada State laws and Regulations, ADA and FHA**

**(HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC)**

39.    Plaintiff incorporates by reference all paragraphs above as though fully set forth herein.

40.    The owners of the property, Ryan Kovacs and Le Croque-Mitaine LLC, along with, Orange Realty Group LLC and HopeLink of Southern Nevada did and does continue to breach our contract, breach the warranty of habitability, violate the Americans with Disabilities Act, violate the Fair Housing Act and breach the peaceful and/or quiet enjoyment and other federal and state laws.

41.    The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC failed to provide a safe and habitable unit to the plaintiff.

42. The property has "essential" items or service problems that involve such things as heat, air-conditioning, running water, a functioning door, and other essential items or services, without which the rental property is not livable.  The defendants are in violation of (NRS 118A.380(1).) The property also has "nonessential" habitability problems that involve things that are not "essential items or services" but still affect whether the rental property is habitable. The defendants are violating (NRS 118A.290(1).)

8

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

43. Per Nevada law: A dwelling is not habitable if it violates provisions of housing or health codes concerning health, safety, sanitation, or fitness for habitation or if it substantially lacks (NRS 118A.290):

a) Effective waterproofing and weather protection of the roof and exterior walls, including windows and doors. (b) Plumbing facilities which conformed to applicable law when installed and which are maintained in good working order. (c) A water supply approved under applicable law, which is:

(1) Under the control of the tenant or landlord and can produce hot and cold running water;

(2) Furnished to appropriate fixtures; and

(3) Connected to a sewage disposal system approved under applicable law and maintained in good working order to the extent that the system can be controlled by the landlord. (d) Adequate heating facilities which conformed to applicable law when installed and are maintained in good working order. (e) Electrical lighting, outlets, wiring and electrical equipment which conform to applicable law when installed and are maintained in good working order. (f) An adequate number of appropriate receptacles for garbage and rubbish in clean condition and good repair at the commencement of the tenancy. The landlord shall arrange for the removal of garbage and rubbish from the premises unless the parties by written agreement provide otherwise. (g) Building, grounds, appurtenances and all other areas under the landlord's control at the time of the commencement of the tenancy in every part clean, sanitary and

9

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

reasonably free from all accumulations of debris, filth, rubbish, garbage, rodents, insects and vermin. (h) Floors, walls, ceilings, stairways and railings maintained in good repair. (i) Ventilating, air-conditioning and other facilities and appliances, including elevators, maintained in good repair, if supplied.

44. All defendants knowingly and willfully neglected to provide habitable property.

45. The peace in the plaintiff's environment has been compromised and the property has been inhabitable for an extended period of time.

46. Generally, the Landlord covenants that Tenant shall and may peacefully have, hold and enjoy the Premises free from hindrance by Landlord or any person claiming by, through or under Landlord but subject to the other terms hereof, provided that Tenant pays the Base Rental, Additional Rental, and any other sums recited to be paid by Tenant and performs all of Tenant's covenants and agreements.

47. The plaintiff believes that it is understood and agreed that this covenant and any and all other covenants of Landlord contained in the Lease shall be binding upon Landlord and its successors only with respect to breaches occurring during the ownership of the Landlord's interest.

48. Ryan Kovacs, Le Croquet-Mitiane LLC, HopeLink of Southern Nevada, and Orange Realty Group LLC, are aware of the nuisances present in the property and neglect to address and/or resolve them.

49. Plaintiff has provided numerous reports of the nuisances, including requests for maintenance and even serving the Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC with Inhabitability letters on several different occasions.

10

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

50. The Warranty of Habitability has been breached. The Warranty of Habitability dictates owners must keep the property in good repair.

51. The minimum requirements for a habitable residential unit are a) effective waterproofing; (b) unbroken windows and doors; (c)working plumbing and gas facilities; hot and cold running water; (d) proper sewage system; (e) heat; (f) working electrical lighting and wiring; (g)clean grounds; (h)no rodents and vermin; (I) an adequate number of garbage cans; (j)floors, stairways, and railings maintained in good repair; and (k) a locking mail box.

52. The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC failed to provide the minimum habitable requirements and therefore are breaching their duties as stated in our contract, as well as violating federal and state laws.

53. HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC were made aware on several occasions that the property is inhabitable and has plumbing issues throughout the unit, has mold growing in multiple areas of the unit, doesn't have a proper lock for the back sliding door, has a broken window, has an inaccessible bedroom with no flooring, has holes in the walls, has exposed pipes, has an unusable bathroom, the dishwasher doesn't work, black mold in several areas of the unit, faulty heating and cooling system and several leaking pipes.

54. HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC neglected to provide a habitable unit.

55. The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC knew or should have known about the condition of the property prior to renting the property.

11

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

56. The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC made representations about the property that at the time the defendants knew the representations were false and deceitful.

57. The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC made the representations with the intention and purpose of deceiving the plaintiffs and enticing them into moving into the unit which was in disrepair.

58. Plaintiff reasonably relied upon such representations and all plaintiffs sustained loss and damages as the proximate result of the representations that were made by the defendants.

59. The Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC are aware of plaintiff, Marcella Fox's, disabilities and failed to engage in the ADA mandated interactive process to consider reasonable accommodations.

60. The Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC neglected to and failed to provide any reasonable accommodation.

61. The Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC are liable under the ADA and FHA for these violations.

62. Each of the defendants owed the plaintiff and her family a duty.

63. The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC negligently, intentionally and willfully breached their duties and the plaintiff and her family members suffered severe emotional distress as a result of the negligence.

64. The Plaintiff alleges that the defendants' conduct is reckless, outrageous and intentional.

65. The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC are aware that the problems involve items and/or services that they are required to provide

12

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

pursuant to our lease agreement and/or Nevada law, including but not limited to, NRS 118A.290.

66. The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC neglected to properly address the issues and/or provide repairs in a timely manner. In fact, they completely ignored several inhabitability violations.

67. HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC's failure to address the plaintiff's, valid and justified complaints as well as their failure to provide a habitable unit has caused mental anguish to the plaintiff and her family members and the negligence is affecting their daily lives in negative ways.

68. The negligence of the Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC has also caused adverse consequences to several of the Plaintiff's family members' health and safety as well as the Plaintiff's.

69. The Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC are aware that the plaintiff, Marcella Fox, is disabled and suffer from panic and anxiety.

70. Marcella Fox has stated to HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC on several occasions that their negligence as well as their acts and omissions has affected her daily life and has caused her to suffer symptoms of her disabilities, including but not limited to, anxiety, panic, lack of sleep and self-worth, and a heap of other negative emotions. The plaintiff and her family have suffered severe mental anguish because of the defendants' HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC neglectful acts and omissions, including but not limited to lack of sleep, isolation, embarrassment, personality disorder and humiliation.

13

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

71. The emotional distress has impacted the plaintiff's daily life and that of her family's, relationships, work and/or school performance, and overall well-being.

72. The emotional distress has been just as debilitating as physical injuries for the plaintiff and her family members.

73. The Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC were aware of Marcella Fox's disabilities and failed to engage in the interactive process and failed to reasonably accommodate. This is a violation of the Americans with Disabilities Act.

74. The conditions of the property have also caused actual injuries to the Plaintiff and her family members.

75. The broken window which the Defendants Orange Realty, Ryan Kovacs, and Le Croque-Mitaine LLC have not fixed even after promising to repair it on several occasions has caused lacerations in the Plaintiff and her family members.

76. The window has been broken since July 28, 2023. The broken window has cut two minors in the unit as well as the Plaintiff. HopeLink, Orange Realty, Ryan Kovacs, and Le Croque-Mitaine LLC are aware and were made aware immediately by the plaintiff of both incidents.

77. The broken window has caused the plaintiff and her family to experience a lack of temperature control on the property. The property is essentially not weatherproof. The defendants Ryan Kovacs, Le Croque-Mitaine and Orange Realty had a duty to weatherproof the property and failed to do so.

78. The leaking water in the property has caused damage to furniture, clothing, shoes, diapers, toys and electronics. The defendants had the duty to waterproof the property. They failed to do so.

14

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

79. The Plaintiff has been unable to use one bedroom in the unit because the flooring has been removed and not replaced since August 10, 2023.

80. This has caused the plaintiff's children to lose their room, essentially turning the unit into a 2-bedroom unit instead of a 3-bedroom unit as originally agreed upon in the contract.

81. The Defendants, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC failed to provide some functioning fixtures in the property.

82. The plumbing is still faulty and leaking and causing damage.

83. The plaintiff is unable to use the master bathroom sink.

84. The pipes are exposed in the master bathroom and there is missing drywall.

85. The mold was never treated, and the leaking pipes in the property currently have wood beams in the walls and other areas of the bathroom and closet wet causing more mold to accumulate and more damage to occur.

86. The back sliding door of the property is still missing the locking mechanism and has not been able to lock since on or about March 2022.

87. The property has not been safe and/or secure since on or about March 2022.

88. The Plaintiff believes that HopeLink, Ryan Kovacs, Le Croque-Mitaine LLC, Casa Vegas Adult Condominiums Association and Orange Realty Group LLC have continued to enrich themselves while ignoring the conditions of the property and leaving the plaintiff and her family members to suffer.

89. Ryan Kovacs and Le Croque-Mitaine LLC are the owners of several rental properties and/or businesses, Orange Realty Group LLC manage several properties, Casa Vegas Adult Condominiums Association oversees several properties with CC&R rules, HopeLink manages multiple families and specialize in assisting the vulnerable population which

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

includes persons with disabilities-with housing. The Plaintiff alleges that all defendants were aware, should have been aware that the conditions of the property located at 1405 Vegas Valley Dr. Apt 305 deems it inhabitable.

90. Plaintiff alleges that if the defendants were not aware they were immediately made aware of the issues related to this case.

91. Plaintiff believes that each of the Defendants should be held accountable for breaching their duties, breaching the contracts, discriminating based on disability, violating NRS 118A.290, violating 118A.380, violating ADA and FHA regulations, violating state and federal laws as well as disrupting the Plaintiff and her family's peaceful/quiet enjoyment and breaching the warranty of habitability.

92. The plaintiff believes that the Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC and the HOA were aware or should have been aware of the issues concerning the property and habitability issues before entering into a contract with the plaintiff.

93. On or around March 2022 the Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC were made aware of problems concerning the dishwasher, plumbing, air conditioning unit, heating unit, microwave, oven, the sliding glass door, plumbing and other issues considered habitability issues.

94. HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC had the duty to

95. Thus, the plaintiff believes that the Defendants willfully and knowingly *allowed* the unit to fall into disrepair *before* renting the unit.

96. Furthermore, after the Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC were made aware of the disrepair immediately upon the plaintiff's moving into

16

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

the property, they continued to permit the unit to be in disrepair and fall further into disrepair to the current date.

97. These problems in the property are still present and have persisted since on or around March 2022.

98. The plaintiff has made the Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC aware of the constant and persistent problems on several occasions and even served written Habitability Letters on December 16, 2022, August 10, 2023, and September 11, 2023, via email.

99. The issues are not resolved. In fact, the plumbing issues have gotten worse and have caused the plaintiff and her family members to experience negative effects on their health and daily life as a direct result of the unresolved maintenance issues including but not limited to the plumbing issues and mold growth.

100.    The broken window has caused injury to the plaintiff and her family members.

101.    There are holes in the walls of the unit as well as new leaks.

102.    The property has one bedroom with no flooring and is inaccessible to the Plaintiff and her family members.

103.    The plaintiff alleges that no good faith effort to make adequate repairs has been made by the Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC.

104.    The plaintiff alleges that the Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC actions and/or lack thereof constitutes a breach of the contract.

105.    Plaintiff alleges that the Defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque- Mitaine LLC did violate The Fair Housing Act, 42 U.S.C. §§ 3601-19, B C.F.R. §§ 100.201-205, section 504 of the Rehabilitation Act of 1973 as well as, 38.14 Reasonable

17

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

accommodations and reasonable modifications for individuals with disabilities, and other federal and state laws and regulations.

106.   Landlords, property managers, and housing providers are required to honor the civil rights protections established under the Federal Fair Housing Act (Title VIII of the Civil Rights Act of 1968). The Defendants failed to do so.

107.   Landlords, property managers, and housing providers are required to honor the civil rights protections established under the Americans with Disabilities Act. The Defendants failed to do so.

108.   All defendants had a duty to adequately maintain the property.  The defendants failed to do so.

109.   The defendants HopeLink, Orange Realty, Ryan Kovacs, and Le Croque-Mitaine LLC. failed to provide prompt service to Plaintiff, notwithstanding Plaintiff's demands for repairs and inhabitability concerns regarding the property.

110.   As a proximate cause of Defendants' acts and omissions, individually and jointly, Plaintiff endured physical and mental suffering.

111.   As a proximate result of Defendants' conduct, individually and jointly, Plaintiff has incurred actual, incidental, and consequential damages according to proof.  Plaintiff suffered severe mental and physical injuries as a proximate result of the incident, and Plaintiff's mental health as well as her property was destroyed during the incident.

112.   As a direct result of the defendants' actions individually and jointly, Plaintiff suffered mental and physical damages.  Accordingly, Plaintiff has incurred actual, incidental, and consequential damages according to proof.

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

# V.   SECOND CAUSE OF ACTION

**Discrimination based on Familia Status, Negligent Infliction of Emotional Distress,**

**Intentional Infliction of Emotional Distress, Negligence and Breach of Contract:**

**Discriminatory Conduct under ADA and FHA**

**(Alleged against All Defendants)**

113.   Plaintiff incorporates by reference all above paragraphs as though fully set forth herein.

114.   Casa Vegas Adult Condominiums Association has discriminated against the plaintiffs based on Familia status by imposing overly restrictive rules on the children's use of the common areas (e.g., pools, hallways, open spaces).

115.   Casa Vegas Adult Condominium has made several statements to the plaintiffs about restrictions on the use of the common areas by the children because "the community is occupied by older residents who don't want the children in the common areas", "there's no place for the children to play in the community", "no unsupervised children in the common areas", "no unsupervised minors in the pool area" and "there are parks outside of the community where the children can go play".

116.   The HOA has imposed restrictions on the children's use of the property.

117.   Casa Vegas Adult Condominiums Association is responsible for making sure property owners do not let their property go into despair.

118.   According to Casa Vegas Adult Condominiums Association's CC&R rule 2.02(H):

"*No unit shall be permitted to fall into disrepair, and each such unit shall at all times be kept in good condition and repair and adequately painted or otherwise finished. The OWNER shall keep in good order and repair and replace if*

19

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF
EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES,
PUNITIVE DAMAGES and INJUNCTION

*necessary the range, oven, dishwasher, garbage disposal, heating unit, air*

*conditioning unit, and glass in all windows and doors for his unit. The OWNER*

*shall maintain and repair all plumbing fixtures within the unit…"*

119.   Casa Vegas Adult Condominiums Association is aware of the broken window and has

neglected to enforce the CC&R rules.

120.   Casa Vegas Adult Condominiums Association are aware or should be aware of the

plumbing issues in the unit as well as the other essential and nonessential habitability issues

in the unit as they oversee the properties and enforce CC&R rules which includes the

disrepair of the property.

121.   On or about July 28, 2023, the owner of 1405 Vegas Valley dr Apt 304 Las Vegas

Nevada 89169 disposed of the debris, including but not limited to, large furniture, in front of

and around my unit.

122.   This caused obstruction to the plaintiff's ease of entry to the property and caused damage

to the property, namely a broken window.

123.   Casa Vegas Adult Condominium Association was aware of the violation and allowed the

debris to sit for over 14 days.

124.   Casa Vegas Adult Condominiums Association knowingly, willfully and intentionally

neglected to enforce the CC&R rule 2.02(G) Nuisance and 2.02(I) Trash Containers and

Collection, resulting in actual damage including but not limited to physical and

psychological damages.

125.   The the landlord/representative of 1405 Vegas Valley dr Apt 304 caused the window of

the property to shatter by stacking debris including but not limited to large furniture against

the window of the property occupied by the plaintiff.

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF
EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES,
PUNITIVE DAMAGES and INJUNCTION

126.   The shattered window caused lacerations to the plaintiff's minor children's body parts as well as the other adult residing in the property.

127.   The debris obstructed the plaintiff's ease of entry to the property and caused plaintiff Marcella Fox to trip and twist her ankle as well as caused damage to her infant's stroller.

128.   There are also various other units scattered throughout Casa Vegas Condominiums that are abandoned and violate the CC&R rules as well, creating encampments and an inviting atmosphere for the homeless population.  Allowing them to move into the abandoned/nuisance properties to become squatters and causing a nuisance to the residents and common areas.

129.   Residents are unable to access the amenities that are supposed to be available because of the unwanted squatters, homeless and drug addicts roaming the property.

130.   These uninvited patrons are allowed to create encampments in common areas such as the laundry facilities as well as in boarded properties. As well as congregate and indulge in illegal activities in the common areas of CASA VEGAS, including but not limited to drugs as well as theft and destruction of property.

131.   Casa Vegas is a gated community. Plaintiff believes the HOA could mitigate some of the risk by making the gates operable and using the gates. The plaintiff believes that by allowing the gates to remain open and unlocked it allows for unrestricted entry into the properties by unwarranted visitors.

132.   The plaintiff has made several complaints about squatters and the lack of access to advertised amenities to Casa Vegas Adult Condominiums Association.

133.   Casa Vegas Adult Condominiums Association has ignored the issues and has failed to enforce the CC&R rules thus breaching the peaceful and/or quiet enjoyment of the property.

21

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF
EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES,
PUNITIVE DAMAGES and INJUNCTION

134.   The HOA's acts and omissions and these issues have caused emotional trauma for the plaintiff and her family members.

135.   The HOA failed to provide strict supervision of the property and enforce rules and regulations as prescribed by the bylaws of their CC&R rules.

136.   The HOA did discriminate based on familial status, 42 U.S.C. §3604(b) *See Iniestra v. Cliff Warren Investments*, Inc., 886 F. Supp. 2d 1161, 1164 (C.D. Cal. 2012).

137.   The HOA had a duty to provide safety, access to the common areas and amenities of CASA VEGAS as well as enforce CC&R rules concerning the property.  The HOA failed to do so.

138.   The broken windows theory states that visible signs of disorder and misbehavior in an environment encourage further disorder and misbehavior, leading to serious crimes. The principle was developed to explain the decay of neighborhoods. Signs of disorder lead to more disorder. A building with a broken window that has been left broken gives the appearance that no one cares, and no one is in charge.

139.   In fact, the plaintiff has notified all defendants that the disrepair to the surrounding properties, the subject property and common areas of CASA VEGAS has invited and caused squatters to enter the property where she resides questioning if the property was also vacant and abandoned.

140.   The HOA had a duty to provide equal access to common areas for all residents despite Familia status.  Casa Vegas Adult Condominiums Association failed to do so.

141.   The HOA has a duty to adequately maintain the property.  The defendant failed to do so.

142.   The HOA had a duty to comply with the standard company practice of removing debris and loose paper from the surrounding areas Furthermore, they either knew or should have known

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

1  that it was unsafe to leave the debris on the property so an extensive amount of time. The

2  defendant failed to do so.

3  143.   The HOA had a duty to provide prompt service to Plaintiff, to remove any and all debris,

4  and to follow standard procedures. The defendant failed to do so.

5

6  144.   As a proximate cause of Defendants' acts and omissions, individually and jointly, a

7  serious injury resulted, causing Plaintiff to endure physical and mental suffering, and other

8  injuries.

9  145.   As a proximate result of Defendants' conduct, Plaintiff has incurred actual, incidental,

10  and consequential damages according to proof.  Plaintiff suffered as a proximate result of the

11  incident, and Plaintiff's property was destroyed during the incident.

12

13  146.   Landlords, property managers, and housing providers are required to honor the civil

14       rights protections established under the Federal Fair Housing Act (Title VIII of the Civil

15       Rights Act of 1968). The Defendants failed to do so.

16

17                       VI.      **THIRD CAUSE OF ACTION**

18       **Fraudulent misrepresentation and Deceit, Failure to Engage in the interactive**

19  **process, Failure to provide reasonable accommodation, Negligence, Intentional Infliction of**

20  **Emotional Distress, Negligent Infliction of Emotional Distress: Discriminatory Conduct**

21                              **under ADA and FHA**

22

23              **(Alleged against the HOPELINK OF SOUTHERN NEVADA)**

24

25  147.   Plaintiff incorporates by reference all above paragraphs as though fully set forth herein.

26

27

28
                                    23
    PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF
    EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES,
    PUNITIVE DAMAGES and INJUNCTION

148.   HopeLink of Southern Nevada engaged in the creation of the risks which resulted in the plaintiffs' harm.

149.   HopeLink volunteered to protect the plaintiffs from harm.

150.   HopeLink knows or should have known that their conduct would harm the plaintiffs.

151.   HopeLink and the plaintiff engaged in a business/voluntary relationship.

152.   HopeLink is a nonprofit organization that located the property that the plaintiffs reside in, 1405 Vegas Valley Dr. Apt 305 Las Vegas Nevada 89169 and coerced the Plaintiffs into moving into the property by providing false information about the property.

153.   The defendant knew that the plaintiff and her family members were already vulnerable, under duress and in desperate need of housing and assistance.

154.   HopeLink of Southern Nevada claims to have inspected the property before negotiating the lease on behalf of the plaintiffs.

155.   HopeLink inspected the property and informed the plaintiffs that the property was livable.

156.   HopeLink made a false representation regarding material facts to Plaintiff.

157.   The plaintiffs relied on the fraudulent misrepresentation and moved into the inhabitable property resulting in injury to the plaintiffs.

158.   HopeLink was aware or should have been aware upon inspection that the property had plumbing issues, that the sliding door did not lock, that the dishwasher and microwave did not work, the stove was not properly working, that the heating and cooling system was faulty.

159.   The defendants knew or should have known that the property had habitability issues.

160.   The plaintiff believes the defendants were aware of the habitability issues and still coerced the plaintiff and her family members to move into the property on or about March 2022.

24

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

161.   The plaintiff agreed to move into the property on or about March 2022 based on the misrepresentation regarding material facts provided by HopeLink.

162.   After delivering the keys to plaintiffs, HopeLink was made aware of the habitability issues as well as other maintenance concerns regarding conditions of the unit on or around March 2022 and continuously to date.

163.   HopeLink did violate Section 504 and the ADA:

- A benefit provider refers persons with disabilities to placement opportunities inappropriately because of the failure to properly and individually take into account a person's known disabilities.

164.   HopeLink has also neglected to advocate for the plaintiffs concerning the habitability issues in the unit.

165.   HopeLink is aware of the problems in the unit and Marcella Fox's disabilities.

166.   HopeLink has visited the unit more than 20 times and has witnessed the issues with the unit.

167.   HopeLink continues to inspect the unit and allow it to "pass" inspection.

168.   The Plaintiff alleges HopeLink neglected to provide advocacy in this regard.

169.   The Plaintiff alleges HopeLink failed to provide support and/or services as promised when entering into a contract with the Plaintiff.

170.   HopeLink's negligence has resulted in the suffering of the Plaintiff and her household and has triggered the symptoms of plaintiff Marcella Fox's disabilities as well as caused severe mental anguish to the Plaintiff and her family members.

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

171.   HopeLink had the duty to engage in the interactive process as mandated by the ADA. They failed to do so.

172.   HopeLink neglected to provide any advocacy or reasonable accommodation to remedy the issues leaving the plaintiff and her family members to suffer mental anguish and frustration and Marcella Fox to suffer symptoms of her disabilities.

173.   HopeLink failed to engage in a good faith interactive process with the plaintiff to determine any potential effective reasonable accommodation and has knowledge of plaintiff's disability.

174.   HopeLink failed to provide any reasonable accommodation to the plaintiff.

175.   HopeLink violated both federal and state laws.

176.   HopeLink violated Plaintiff civil rights.

177.   The plaintiff believes that HopeLink discriminated against her knowing she suffered from disabilities and that her and her family were part of the vulnerable community and suffer from socioeconomic disadvantages.

178.   The plaintiff believes that the defendants, individually and dually, did violate The Fair Housing Act, 42 U.S.C. §§ 3601-19, B C.F.R. §§ 100.201-205, section 504 of the Rehabilitation Act of 1973, as well as 38.14 Reasonable accommodations and reasonable modifications for individuals with disabilities, and other federal and states laws and regulations.

179.   Landlords, property managers, and housing providers are required to honor the civil rights protections established under the Federal Fair Housing Act (Title VIII of the Civil Rights Act of 1968). The Defendants failed to do so.

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

180.   As a proximate result of Defendants' conduct, Plaintiff has incurred actual, incidental, and consequential damages according to proof.  Plaintiff suffered as a proximate result of the incident, and Plaintiff's property was destroyed during the incident.

181.   As a direct result of the defendant's actions, Plaintiff suffered mental and physical damages.  Accordingly, Plaintiff has incurred actual, incidental, and consequential damages according to proof.

## VII.   PRAYER FOR RELIEF

182.   Injunction: as to each Defendant, be re-oriented and trained in the Fair Housing Act and the Americans with Disabilities laws and/or rules and regulations, regarding their duties to persons with disabilities in the interest of the public overall; the rescission of contract between defendants Ryan Kovacs, Le Croque-Mitaine LLC and Orange Realty Group LLC; Defendants Ryan Kovacs, Le Croque-Mitaine LLC and Orange Realty Group LLC, refund of all rent paid amounting to $49,612; Defendants Ryan Kovacs, Le Croque-Mitaine LLC and Orange Realty Group LLC, refund initial move in charges, deposits and fees amounting to $10,283.06; Defendants Ryan Kovacs, Le Croque-Mitaine LLC and Orange Realty Group LLC, to pay for the relocation of the plaintiffs in the amount of $15,000.

183.   For loss of earning capacity, according to proof;

184.   For compensatory damages, according to proof;

185.   For punitive damages, as to each of the Defendants, in an amount determined to be appropriate by the court;

186.   For exemplary damages as to each of the Defendants, in an amount determined to be appropriate by the court;

27

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION

187. For any and all such other and further relief as the court may deem proper to deter the defendants from negative practices in the future

## VIII.    Certification and Closing

188. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

189. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED: Jan, 4 , 2024

Marcella Fox
Plaintiff in Pro Se

28

PLAINTIFF MARCELLA FOX'S COMPLAINT FOR MONETARY DAMAGES, LOSS OF EARNINGS CAPACITY, COMPENSATORY DAMAGES, EXEMPLARY DAMAGES, PUNITIVE DAMAGES and INJUNCTION