Troy L. Isaacson, Esq.
Nevada Bar No. 6690
**ISAACSON LAW**
9900 Covington Cross Drive
Suite 210B
Las Vegas, Nevada 89144
Telephone: (702) 529-2559
Facsimile:  (702) 529-2558
Troy@IsaacsonLawLV.com
*Counsel for Defendant, Casa Vegas Adult Condominiums Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARCELLA FOX, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN KOVACS, an individual, LE CROQUE-MITAINE LLC, A Domestic Limited Liability Company; ORANGE REALTY GROUP, LLC, A Domestic Limited-Liability Company; CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION, A Nevada Not for Profit Corporation; and HOPELINK OF SOUTHERN NEVADA, a Domestic Non-profit Corporation,<br><br>Defendants. | CASE NO.: 2:24-cv-00047-CDS-NJK<br><br>**MOTION OF CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION FOR GOOD FAITH SETTLEMENT ON ORDER SHORTENING TIME** |

**DEFENDANT CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**
***ON AN ORDER SHORTENING TIME***

COMES NOW Defendant CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION, by and through its counsel of record, with the law firm ISAACSON LAW, and hereby moves this Honorable Court for an Order, <u>on an Order Shortening Time</u>, determining that the settlement it reached with Plaintiff MARCELLA FOX was done so in good faith within the meaning of Nevada Revised Statute ("NRS") §17.245.

This motion is made and based upon NRS §17.245, the attached Memorandum of Points and Authorities, the attached Declaration of Troy Isaacson, Esq. pursuant to LR IA 6-1 of the Local Rules of Practice for the United States District Court for the District of Nevada, all pleadings

1

and papers on file, and any oral argument this Court may wish to entertain should there be a hearing on this Motion.

Dated this 10th day of April, 2024.

ISAACSON LAW

/s/ Troy Isaacson

TROY L. ISAACSON, ESQ. #6690
9900 Covington Cross Drive, Suite 210B
Las Vegas, Nevada 89144

*Attorneys for Defendant, Casa Vegas Adult Condominium Association*

**ORDER SHORTENING TIME**

Based upon the Declaration of Troy Isaacson and good cause appearing therefore, **IT IS HEREBY ORDERED** that DEFENDANT CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT ON AN ORDER SHORTENING TIME shall be heard on the _____ of _____, 2024, at the hour of _____ a.m./p.m., in Department ____ of the above-titled court.

Any Opposition to the Motion shall be filed and served no later than the _____ day of _____ of 2024.

_____
UNITED STATES DISTRICT COURT JUDGE

Dated this 10th day of April, 2024.

**ISAACSON LAW**

/s/ Troy Isaacson
_____
TROY L. ISAACSON, ESQ. #6690
9900 Covington Cross Drive, Suite 210B
Las Vegas, Nevada 89144
*Attorneys for Defendant, Casa Vegas Adult Condominiums Association*

# DECLARATION OF TROY ISAACSON PURSUANT TO LR 6-1 IN SUPPORT OF DEFENDANT CASA VEGAS ADULT CONDOMINIUMS MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT ON AN ORDER SHORTENING TIME

*In accordance with NRS 53.045 & 28 U.S.C. § 1746, I, Troy Isaacson, declare under penalty of perjury that the following is true and correct to the best of my knowledge:*

1. I am an attorney licensed to practice law in the State of Nevada, and I am the principal attorney with Isaacson Law, counsel of record for Defendant CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION ("Association"). As such, I have personal knowledge of all facts contained herein and, if called upon to testify with respect thereto, I could and would competently do so.

2. The Plaintiff and Defendant CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION recently reached a settlement. Pursuant to the terms of the settlement, it is contingent upon this Court issuing an Order finding that the settlement the Association entered into with Plaintiff MARCELLA FOX ("Plaintiff"), was done so in good faith within the meaning of NRS §17.245.

3. Given this settlement, the Association seeks to expedite the hearing on its Motion for Determination of Good Faith Settlement to circumvent the need to expend further time and expense relative to this case. Additionally, being that the settlement is contingent upon this Court issuing an Order finding that the settlement the Association entered with Plaintiff was done so in good faith, the Association seeks to resolve this issue as quickly as possible so that the settlement can be finalized.

4. This Motion and requested Order Shortening Time was not brought for any improper purpose, and the settlement entered into by the Association was done so in good faith, and without any collusion, fraud, or other tortious conduct designed to injure any other person, entity, or non-setting party.

/ / /

/ / /

/ / /

I declare and testify under penalty of perjury under the laws of the State of Nevada and the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 10th day of April, 2024.

/s/ *Troy Isaacson*
Troy L. Isaacson, Esq.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

    A. **General Facts and Procedure History Of Case:**

Plaintiff in this matter has asserted claims against the CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION ("Association") alleging Discrimination based on Familial Status, Negligent Infliction of Emotional Distress, Negligence, Breach of Contract and Discriminatory Conduct under the Americans with Disabilities Act and the Fair Housing Act. [Doc. 4, pg. 19].

As it relates to the Association, Plaintiff alleges that, among potentially other items, the Association's Rules have discriminated against the Plaintiff based upon her familial status and that the Association has failed to maintain its governing documents thereby creating an allegedly dangerous situation in the community. [Doc. 4, pgs. 19 – 23]. The Association disputes the Plaintiff's allegations.

The Association has not yet been required to file a responsive pleading. [Doc. 10]. Hopelink of Southern Nevada is the only Defendant, to date, to file an Answer or other responsive pleading. Hopelink of Southern Nevada has not asserted cross claims against the Association.

    B. **Settlement:**

Upon being served with Plaintiff's Summons & Complaint, the Association engaged in settlement discussions with the Plaintiff. Pursuant to the settlement, Plaintiff will be paid the total sum $10,000.00 by the Association. In exchange, Plaintiff will dismiss her complaint with prejudice and will release all pending and future claims asserted in this action or could have been asserted in this action. The settlement, which will be reduced in writing into a formal agreement, is also contingent on the Association obtaining an Order from this Court deeming that the settlement it entered into with Plaintiff was done so in good faith pursuant to NRS §17.245.

II. **APPLICABLE LAW**

    A. **NRS §17.245 - Good Faith Settlements:**

        1. When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

6

     (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
     (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.
2. As used in this section, "equitable indemnity" means a right of indemnity that is created by the court rather than expressly provided for in a written agreement

**B.**    **Factors To Be Evaluated In Determining Good Faith:**

In the case of *In re MGM Grand Hotel Fire Litigation* 570 F.Supp. 913, 927, (D. Nev. 1983), the United States District Court for the District of Nevada set forth the following factors in evaluating good faith issues under NRS §17.245:

    A.    The amount paid in settlement;
    B.    The allocation of the settlement proceeds among plaintiffs;
    C.    The insurance policy limits of the settling defendants;
    D.    The financial condition of the settling defendants;
    E.    The existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants.

These factors have been deemed relevant, but not exclusive, for the determination of a good faith settlement by the Nevada Supreme Court. See *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 811 P.2d 561 (1991). In *Velsicol*, the Nevada Supreme Court held that the determination of a good faith settlement "should be left to the discretion of the trial court based upon all relevant facts available, and that, in the absence of an abuse of that discretion, the trial court's findings should not be disturbed." *Velsicol*, 107 Nev. at 360. In making such a determination the District Court may, in addition to the factors specifically articulated in the case of *In re MGM*, "assess the relative liability permutations of the particular contribution or indemnity action known to it, including the strengths and weaknesses of the contribution or indemnity claims." *The Doctors Co. v. Vincent*, 120 Nev. 644, 652, 98 P.3d 681, 687 (2004).

**III.**    <u>**LEGAL ARGUMENT IN SUPPORT OF A FINDING OF GOOD FAITH**</u>

    **A.**    **The Amount Paid In Settlement:**

As discussed above, the Association has agreed to pay the total sum of $10,000.00 to Plaintiff in order to resolve Plaintiff's claims against the Association as part of the settlement. Though

7

discovery has yet to get underway, Plaintiff's primary allegations are against those from whom she has leased her apartment. Plaintiff's allegations include, among potentially other, that the parties from whom she has leased her apartment have failed to properly maintain the habitability and willfully and knowingly allowed her Unit to fall into disrepair. [Doc. 4, pg. 16]. Her lease is not with the Association.

Plaintiff has stated her intention to move from the community and the settlement will enable her to find other housing she believes suitable. Moving from the community is, however, not a requirement under the settlement.

In sum, when evaluating the Association's proportional share of liability in this case given the claims and allegations, coupled with the amount that Plaintiff is paying, this factor weighs *in favor* for a finding of good faith.

**B.     The Allocation Of Settlement Proceeds:**

All proceeds to be paid by the Association will go to the Plaintiff. This settlement relates purely to the allegations against the Association which is responsible for the Association's common area property and does not affect or relate to Plaintiff's claims related to the interior of her Unit.

**C.     The Insurance Policy Limits Of The Settling Defendant:**

The Association has a $1.0 million dollar policy, however, all funds under this settlement are being paid by the Association directly as the amount is under the policy's deductible.

**D.     The Financial Condition Of The Settling Defendant:**

The Association is a not-for-profit entity whose function is to maintain the common area components of the community. While the Association is financially sound, all funds come from the Association's members who are paying their proportionate share of this settlement.

**E.     The Existence Of Collusion, Fraud Or Tortious Conduct Aimed To Injure The Interests Of The Non-Settling Parties' Interests:**

This settlement was reached only after good faith settlement negotiations, which were conducted at arm's length negotiations between the Association and Plaintiff. The parties spent significant time evaluating their respective risks of continuing this litigation. The settlement agreed

to by the parties was done entirely in good faith, and without any collusion, fraud, or other tortious conduct designed to injure any other person, entity, or non-setting party.

## IV. **PROTECTIONS GIVEN BY NRS §17.245 AND RELEVANT CASE LAW**

Pursuant to NRS §17.245, when two or more tortfeasors are liable for the same injury and one of the tortfeasors enters into a settlement which is found to be in good faith, the settling tortfeasor is discharged from all liability for contribution and equitable indemnity to all other tortfeasors. The Nevada Supreme Court has held that claims which are actually claims for contribution or equitable indemnity, but which might be labeled otherwise, must also be barred in accordance with NRS §17.245. See *Otak Nevada, L.L.C. v. Eight Jud. Dist. Ct.*, 129 Nev. 799, 312 P.3d 491 (2013). As stated by the Nevada Supreme Court in *Otak*, "we now hold that once a trial court determines that a defendant has settled in good faith, NRS 17.245(1)(b) bars all claims against the settling defendant that in effect seek contribution and equitable indemnity, regardless of the claim's title." *Otak* at 809, 499. The Nevada Supreme Court went on to discuss that in order to determine whether a claim effectually seeks contribution or equitable indemnity in contravention of NRS 17.245(1)(b)—even if characterized otherwise—the trial courts should consider the following: "whether (1) the claim arose from the same basis on which the settling defendant would be liable to the plaintiff, and (2) the claim seeks damages comparable to those recoverable in contribution or indemnity actions." *Id.* The Court stressed the importance of analyzing the substance of the claim, rather than its label. *Id.* at 809, 498.

As such, in the event this Court finds that the settlement that the Association entered into with Plaintiff was done so in good faith pursuant to NRS §17.245, then any pending or potential future claims for contribution and/or equitable indemnity against the Association pertaining to the claims raised in this action will be barred as against the Association, regardless as to how the claim may be labeled.

## V. **CONCLUSION**

Accordingly, the Association respectfully requests that this Honorable Court enter an Order granting its Motion and finding that the settlement it entered into in this matter to resolve Plaintiff's claims was done so in good faith within the meaning of NRS §17.245, such that the Association is

afforded all the protections set forth therein. The Association also requests as part of the Order that any and all claims, either pending or prospective, for contribution and equitable/implied indemnity against the Association – regardless of how such claims are titled – are dismissed with prejudice and forever barred in accordance with NRS §17.245 and the Nevada Supreme Court's holding in *Otak*.

Dated this 10th day of April, 2024.

ISAACSON LAW

/s/ *Troy Isaacson*

TROY L. ISAACSON, ESQ. #6690
9900 Covington Cross Drive, Suite 210B
Las Vegas, Nevada 89144

*Attorneys for Defendant, Casa Vegas Adult Condominiums Association*

## Certificate of Service

I HEREBY CERTIFY that service of the foregoing **MOTION OF CASA VEGAS ADULT CONDOMINIUMS ASSOCIATION FOR GOOD FAITH SETTLEMENT ON ORDER SHORTENING TIME** was made this 10th day of April 2024, by:

[ ]  BY U.S. MAIL: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

[ ]  BY FACSIMILE: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. A printed transmission record is attached to the file copy of this document.

[X]  BY ELECTRONIC SERVICE: by transmitting via the Court's electronic filing services ("ECF") the document(s) listed above to the Counsel set forth below on this date.

[ ]  BY ELECTRONIC MAIL: by transmitting via the Internet the document(s) listed above to the email address listed in the Nevada Legal Directory to Counsel set forth below on this date.

On all parties listed on the service list:

| | |
|---|---|
| MARCELLA FOX, pro se<br>1405 Vegas Valley Drive, Unit 305<br>Las Vegas, Nevada 89169<br>1limitlesscleverfox@gmail.com<br>In Pro Per | Michael J. Nuñex, Esq.<br>Nevada Bar No. 10703<br>Tyler N. Ure, Esq.<br>Nevada Bar No. 11730<br>350 South Rampart Blvd., Suite 320<br>Las Vegas, Nevada 89145<br>Attorneys for Defendant,<br>Hopelink of Southern Nevada |

*/s/ Troy Isaacson*

An Employee of Isaacson Law

11