UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Marcella Fox,

        Plaintiff

  v.

Casa Vegas Adult Condominium Association,

        Defendant

Case No. 2:24-cv-00047-CDS-NJK

**Order on Motion for Determination of Good Faith Settlement**

[ECF No. 11]

    Defendant Casa Vegas Adult Condominiums Association moves for Determination of Good Faith Settlement pursuant to NRS § 17.245. Mot., ECF No. 11. The court held a hearing on the motion on May 1, 2024. Mins., ECF No. 33. Pro se plaintiff Marcella Fox, and counsel for defendant Casa Vegas Adult Condominium Association ("the Association"), Troy Isaacson, both appeared.[1] *Id.* Having considered the motion, the representations of the parties made during the hearing on this motion, I hereby make the following findings and conclusions of law:

    1. The parties were afforded the opportunity to fully brief the motion. Ms. Fox did not file an opposition and confirmed on the record during the hearing that she has no objection to the motion.

    2. The motion properly set forth the relevant factors in evaluating motions for good faith settlement determinations as discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983). Those factors, which are non-exhaustive, include: (1) the amount paid in settlement, (2) the allocation of the settlement proceeds to the plaintiff, (3) the insurance policy limits of settling defendant, (4) the financial condition of settling defendant, and (5) the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants. *See The Doctors Co. v. Vincent*, 98 P.3d 681, 686 (Nev. 2004) (quoting *In re MGM*, 570 F. Supp. at 927).

---

[1] Fox appeared via video on Zoom.

3. Here, the amount paid in settlement was $10,000.00. This amount was based upon the Association's proportional share of liability, if any, and is appropriate given the claims and allegations made. A settlement is in good faith so long as it is not "disproportionately lower than [the settling defendant's] fair share of damages." *See Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 564 (Nev. 1991). As set forth in the motion, the allegations against the Association relate to the common areas of the community, and do not affect or relate to Fox's remaining claims.

4. Further, the Association is fully funding the settlement, and the amount is lower than the community's insurance deductible. The funds come directly from Association members who each pay their proportional share of the settlement.

5. Finally, there is no evidence of collusion, fraud, or tortious conduct by the settling parties.

Having considered the MGM factors, and incorporating the other findings made on the record during the hearing on the motion, I find that plaintiff Marcella Fox and defendant Casa Vegas Adult Condominiums Association reached a good faith settlement in accordance with the provisions of Nev. Rev. Stat. § 17.245.

IT IS HEREBY ORDERED that defendant's motion for determination of good faith settlement **[ECF No. 11] is GRANTED**.

Dated: May 3, 2024

_____
Cristina D. Silva
United States District Judge