# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Marcella Fox,

          Plaintiff

  v.

Ryan Kovacs, et al.,

          Defendants

Case No. 2:24-cv-00047-CDS-NJK

**Order Denying Plaintiff's Motions**

[ECF Nos. 86, 88, 89]

On February 10, 2025, pro se plaintiff Marcella Fox filed a "request for procedural leniency due to disability." ECF No. 86. Therein, she requests various accommodations due to her disability. *See generally*, *id.* Fox cites to the Americans with Disability Act, 42 U.S.C. § 12132, in support her of request. The court liberally construes this filing as a motion and denies it without prejudice as overbroad and because it is unsupported by points and authorities. Local Rule 7-2. Although Fox cites the ADA in support of her requested relief, she fails to cite to a specific provision or any other authority that permits this sort of motion. For example, she argues that "Federal courts have long recognized their duty to modify procedural requirements to ensure that disabled litigants can fully participate in the proceedings," but does not cite any authority in support of this argument. *Id.* at 3. Further, the requested relief is overbroad and contains unhelpful attacks on the defendants. If Fox needs a specific accommodation, for example, a listening device for any in-court proceedings, she may request such an accommodation in advance of the hearing. Accordingly, Fox's motion for procedural leniency is denied without prejudice.

Further, on February 11, 2025, Fox filed a motion for judicial estoppel and a motion for judicial notice. ECF Nos. 88 and 89. The court has reviewed the motions and has determined that no opposition from defendants is required.

At any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and "generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). In her motion for judicial notice, Fox asks this court to take judicial notice of certain arguments in response to defendants' motion to dismiss. The court cannot take judicial notice of arguments by either party because they are, by their very nature, reasonably questioned or debated. To the extent Fox wants me to take judicial notice of public filings as part of her opposition to defendants' motion to dismiss, she may ask the court to do so when she files her opposition to the motion. The court notes that Fox must provide a copy of the document or a link to access the document online so the court can consider whether the document can be judicially noticed. Accordingly, her motion for judicial notice is denied without prejudice.

Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 217, n.8 (2000)). The court has examined Fox's arguments and cannot find that the defendants have advanced contradictory arguments at this time. To the extent Fox is attempting to address any arguments raised by the defendants in their motion to dismiss, she should respond to that motion so the court can evaluate them accordingly. It is inappropriate to invoke judicial estoppel at this juncture, and so Fox's motion is denied.

Finally, the court reminds Fox that she must comply with the rules of this court, to include the Local Rules and the Federal Rules of Civil Procedure and Evidence. As a reminder, Local Rule IA 10-3 sets forth the requirements for the filing of exhibits. Her motions for judicial notice and judicial estoppel failed to comply with that rule. A copy of the rules is available online at Local-Rules-of-Practice-Amended-2020.pdf. Failure to comply with the rules may result in the issuance of sanctions, to include dismissal of this action.

## Conclusion

IT IS HEREBY ORDERED that plaintiff's motion for procedural leniency [ECF No. 86] is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for judicial estoppel [ECF No. 88] is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for judicial notice [ECF No. 89] is DENIED without prejudice.

Dated: February 12, 2025

_____
Cristina D. Silva
United States District Judge