UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCELLA FOX,<br><br>    Plaintiff(s),<br><br>v.<br><br>RYAN KOVACS, et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-00047-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 78, 83] |

Pending before the Court is Defendants Ryan Kovacs, Le Croque Mitaine LLC, Orange Realty Group LLC, and Jason Mattson's motion to stay discovery pending resolution of their motion to dismiss. Docket No. 78; *see also* Docket No. 77 (motion to dismiss). Plaintiff filed a response. Docket No. 79.[1] These Defendants filed a reply. Docket No. 87. Plaintiff filed an unauthorized sur-reply. Docket No. 92. Also pending before the Court is Defendant HopeLink's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 83; *see also* Docket No. 82 (motion to dismiss). Plaintiff filed a response. Docket No. 85. HopeLink filed a reply. Docket No. 91. Plaintiff filed an unauthorized sur-reply. Docket No. 99. The motions to stay discovery are properly resolved without a hearing. *See* Local Rule 78-1.

As an initial matter, Plaintiff is cautioned that she is not permitted to file sur-replies without prior judicial authorization. *See* Local Rule 7-2(g). Doing so in the future may result in striking such unauthorized briefs. *See id.*

Turning to the merits of the stay requests, the Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied.  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief.  *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]

In this case, the Court finds a stay of discovery warranted.  The motions to dismiss are potentially dispositive in scope and effect. The motions to dismiss can be decided without additional discovery.  Moreover, the Court finds the motions to dismiss sufficiently meritorious to warrant a stay of discovery.[3]

Accordingly, the motions to stay discovery are GRANTED.  In the event resolution of the motions to dismiss does not result in termination of the case, then a proposed discovery plan must be filed within 14 days of the issuance of the order resolving the motions to dismiss.

IT IS SO ORDERED.

Dated: April 11, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court previously stayed discovery in this case.  Docket Nos. 36, 38.  After Plaintiff amended her complaint, new rounds of motions to dismiss and motions to stay discovery were filed.

[3] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motions to dismiss and may have a different view of their merits.  *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of the motions to dismiss is not intended to prejudice their outcome.  *See id.*  As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motions in this instance.  Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motions and subsequent briefing.