UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Marcella Fox,<br><br>            Plaintiff<br><br>v.<br><br>Ryan Kovacs, et al.,<br><br>            Defendants | Case No. 2:24-cv-00047-CDS-NJK<br><br>**Omnibus Order Resolving Plaintiff's Motions and Granting Defendants' Motions to Dismiss**<br><br>[ECF Nos. 77, 80, 82, 90, 96, 100, 103, 104, 105, 112, 113, 123, 124] |

      Plaintiff Marcella Fox filed a first amended complaint (FAC) against defendants Ryan Kovacs, Le Croque-Mitaine LLC, Orange Reality Group LLC, HopeLink of Southern Nevada, and Jason Mattson alleging claims of (1) breach of implied warranty of habitability; (2) negligence per se; (3) retaliation in violation of the Fair Housing Act; (4) constructive eviction; (5) breach of covenant of quite enjoyment; (6) violation of Section 504 of the Rehabilitation Act; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) negligence; (10) breach of contract; (11) breach of the implied covenant of good faith and fair dealing; (12) tortious interference with contractual relations; (13) negligent hiring, retention, and supervision; (14) fraudulent misrepresentation; (15) unjust enrichment; and (16) discrimination based on disability in violation of the Fair Housing Act, Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act. *See generally* FAC, ECF No. 66.

      Defendants Ryan Kovacs, Le Croque-Mitaine, LLC, Orange Realty Group LLC, and Jason Mattson (collectively, "Kovacs defendants") and HopeLink of Southern Nevada move to dismiss. *See* Kovacs defs.' mot. to dismiss, ECF No. 77; HopeLink's mot. to dismiss, ECF No. 82. Also pending before the court are several outstanding motions filed by Fox.[1] This order resolves all pending motions.

---

[1] Fox's motion for sanctions (ECF No. 80) is denied. The decision of whether to stay discovery is entrusted to the "wide discretion" of the district court. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). I find that defendants' motion to stay was brought in good faith and is warranted, so Judge

I.   **Background**[2]

The following allegations give rise to this action. On March 16, 2022, Fox entered into a lease for a property located at 1405 Vegas Valley Dr., Apt. 305, Las Vegas, Nevada. FAC, ECF No. 66 at ¶ 4. Fox alleges that after moving in she was "met with a relentless barrage of chronic flooding, toxic mold growth and infestations of vermin[.]" *Id.* Despite asking for "repairs and reasonable accommodations," defendants "turn[ed] a blind eye, allowing these dangerous conditions to fester and multiply, with catastrophic consequences." *Id.* Fox says that her children were denied access to their own bedrooms for months because they were "rendered uninhabitable due to severe water damage that stripped the floors away, exposing only cold, unforgiving cement[]"and that "[m]old crept insidiously through the walls, while vermin thrived unchecked, creating a veritable toxic environment." *Id.* at ¶ 6. She further alleges that "[d]efendants failed to replace . . . the drywall they removed from the master bathroom, leaving pipes exposed and further endangering the family's safety[,]" and that defendants "neglected to provide basic security measures, such as adequate locking mechanisms on sliding doors[.]" *Id.* Fox alleges she has "meticulously documented" the hazardous conditions in her home which include flooding, water damage, infestations, mold, and structural damage. *Id.* at ¶¶ 7–11. Fox also alleges that she has suffered "lacerations from a broken window" and that the "heating and cooling systems were rendered non-functional." *Id.* at ¶ 12. Fox states that the defendants are retaliating against her for complaining by issuing false "warning notices." *Id.* at ¶ 13.

---

Koppe's decision to grant it (*see* Order, ECF No. 127) was appropriate, thus there is no basis to sanction defendants. Further, Fox's motion for leave to file excess pages (ECF No. 90) is denied as moot. The court notes that Fox has also filed two unauthorized surreplies to both motions to dismiss. *See* surreplies, ECF No. 112, ECF No. 113. The Local Rules make clear that surreplies are "not permitted without leave of court." LR 7-2(b). Because these surreplies are unauthorized, they are stricken. Fox has also filed a renewed motion for judicial leniency (ECF No. 96), a motion for judicial estoppel (ECF No. 103), three motions for judicial notice (ECF Nos. 100, 104, 105) and a motion to compel a "federal audit of HopeLink of Southern Nevada and demand for criminal investigation into fraudulent misuse of funds" (ECF No. 123). I address these motions in the body of this order.

[2] Unless otherwise noted, I only cite to the FAC (ECF No. 66) to provide context to this action, not to indicate a finding of fact.

## II. Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### III. Discussion

### A. Fox's pending motions (ECF Nos. 80, 96, 100, 103, 104, 105, 123)

#### *1. Fox's renewed request for procedural leniency due to disability (ECF No. 96) is granted in part and denied in part.*

Fox files a "renewed request for procedural leniency due to disability." ECF No. 96. Fox previously filed a "request for procedural leniency due to disability" (ECF No. 86) which I denied because Fox failed to provide points and authorities to support her requests. Order, ECF No. 93. In her renewed motion, Fox cites 42 U.S.C. § 12131(2) and *Boag v. MacDougall*, 454 U.S. 364 (1982) to support her requests. *See* ECF No. 96 at 3–5. But neither citation applies to Fox's requested relief. A federal court does not qualify as a public entity under 42 U.S.C. § 12131. A "public entity" is defined in 42 U.S.C. § 12131 as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." Thus, federal courts or any federal entities are not explicitly included in that definition. And the *MacDougall* decision does not address "procedural leniency." Rather, it addressed a mootness question regarding a civil action brought by an inmate of the Arizona Department of Corrections. Despite the lack of applicable points and authorities, I nonetheless address each request included her motion. *See* ECF No. 96 at 1, 6.

First, Fox's request that I grant a standing fourteen-day extension for filings "when necessary" is denied because there is no clear measure for what "when necessary" means, and the addition of fourteen days represents a seemingly arbitrary number. If Fox needs additional days to file specific motions, she can file a motion setting forth a specific request to extend the filing deadline, which should include the number of days she is requesting and the reasons for needing additional time. In the alternative, she may meet and confer with opposing counsel and enter into a stipulation to extend time. In either instance, Fox must comply with the local rules regarding such extension. *See* Local Rule 26-3.

Fox's request that she be granted CM/ECF electronic filing privileges is granted on the condition that Fox fill out and file the form titled "consent for electronic service of documents."[3] A review of the docket demonstrates that Fox has yet to complete this form, and Fox cannot opt in to electronic service of documents without submitting this form.

Fox's request that I provide real-time captioning and/or transcripts for all hearings is outside the scope of what this court can provide. Therefore, this request is denied. However, if ever needed, Fox may request a listening device for any in-court proceedings, and should she choose to do so, she must file a motion to request that accommodation at least 3 days in advance of any scheduled hearing to ensure the court has the proper equipment available.

Fox's request that I schedule hearings in the afternoon wherever possible is granted.

Fox requests that I permit simplified exhibit formatting to accommodate her disabilities. This request is denied. It is unclear: (1) what exhibits she is referring to, (2) what changes to the standard exhibit formatting Fox wants or needs, and (3) how the exhibit formatting requirements in place impose a disproportionate burden on her. Should Fox have a specific request for the filing of a specific exhibit(s), she may file a motion setting forth her request. For those reasons, Fox's renewed request for procedural leniency due to disability is granted in part and denied in part.

### 2. Fox's motion for judicial estoppel (ECF No. 103) is denied.

Fox also filed a motion for judicial estoppel in which she requests that I grant the motion so as to prevent HopeLink from "boldly and blatantly deceiving" the court. ECF No. 103 at 7. Fox argues that HopeLink's motion to dismiss "directly contradicts" its prior representations in its other filings. *Id.* at 5. HopeLink opposes the motion and argues that Fox has mischaracterized its motion to dismiss and that it has not directly contradicted itself. *See generally* opp'n, ECF No. 116. As previously explained,[4] judicial estoppel "generally prevents a party from prevailing in one

---

[3] For ease, I provide a link to the form here: https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Consent-by-Pro-Se-Non-Prisoner-to-receive-NEFs-4-15-20.pdf.
[4] ECF No. 93 at 2.

5

phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 217, n.8 (2000)). The court has examined Fox's arguments and finds that HopeLink has not advanced contradictory arguments at this time, so her request is denied.

### 3. *Fox's motions for judicial notice (ECF Nos. 100, 103, 104, 105) are denied.*

Fox's motion also requests that I take judicial notice[5] of (1) HopeLink's IRS Form 990, (2) HopeLink's 2022–23 Annual Report, and (3) HopeLink's Signed Rapid Rehousing Agreement, which she attached to her motion. ECF No. 103 at 6; *see* IRS Form 990, Pl.'s Ex 2, ECF No. 103-1; 2022–23 Ann. Rep., Pl.'s Ex. 1, ECF No. 103-3, Pl.'s Ex. 3, Housing agreement, ECF No. 103-2. In its opposition, HopeLink argues that these documents are outside of the pleadings and cannot be considered, Fox has mischaracterized and misinterpreted the documents, and the contents of the documents for which she requests judicial notice are reasonably in dispute. ECF No. 116 at 3–7. Indeed, at any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and "generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Fox's request for judicial notice must be denied for several reasons. First, as to the "IRS Form 990," HopeLink correctly asserts that the attachment is not an IRS Form 990 but is instead a report created by independent auditors so it potentially contains facts that are in reasonable dispute and its accuracy can be questioned. Accordingly, I will not take judicial notice of it.

As for HopeLink's 2022–23 Annual Report and Signed Rapid Rehousing Agreement, these documents are outside the pleadings. I previously informed Fox: "To the extent [she] wants me to take judicial notice of public filings as part of her opposition to defendants' motion

---

[5] Fox is advised that her motion requesting two forms of relief violates the local rules. *See* Local Rule IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."). Fox is again cautioned that failure to comply with the local rules may result in sanctions. *See* ECF No. 93 at 2 (reminding Fox she must comply with the local rules). The local rules can be found online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

to dismiss, she may ask the court to do so when she files her opposition to the motion." Order, ECF No. 93 at 2. Although Fox attached many documents to her complaint, she did not attach either of these two documents. Instead, she attached these two documents to her motion for judicial estoppel. *See* ECF No. 103. "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Therefore, "there is a general rule against referencing evidence outside the four corners of the complaint." *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010). A court may take judicial notice of a document if it is not attached to the complaint if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claims." *Ritchie*, 342 F.3d at 908. Because the FAC makes no mention whatsoever of the annual report or the rapid rehousing agreement, these documents cannot be incorporated into the complaint and it is not proper for me to review them while ruling on a Rule 12(b)(6) motion. Additionally, because the facts within these documents are reasonably in dispute, I cannot take judicial notice of them. As such, Fox's motion for judicial estoppel and request for judicial notice is denied.

      Fox also filed three additional motions for judicial notice. *See* ECF Nos. 100, 104, and 105. Those motions are denied for the same reasons, that is, the documents Fox asks that I take judicial notice of are outside of the complaint and therefore improper for consideration when resolving a motion to dismiss. Additionally, in these motions, Fox does not identify specifically what facts for which she would like the court to take judicial notice, she just requests that I take judicial notice of large swaths of documents and databases. *See generally* ECF Nos. 100, 104 and 105; *see also Malfavon v. Wal-Mart Assocs., Inc.*, 2024 U.S. Dist. LEXIS 71137, at *2 (E.D. Cal. Apr. 18, 2024) (denying a request for judicial notice when the party did not identify specific facts from each document that should be judicially noticed).[6] Consequently, these motions are also denied.

---

[6] Two of Fox's motions for judicial notice also include requests for judicial estoppel. *See* ECF No. 104 at 4; ECF No. 105 at 6. I reviewed the filings and once again find that HopeLink has not put forth any

### *4. Fox's motion to compel (ECF No. 123) is denied.*

Lastly, Fox has filed a motion "to compel a federal audit of HopeLink of Southern Nevada and demand for criminal investigation into fraudulent misuse of federal funds." Mot., ECF No. 123; Errata, ECF No. 124. In the errata to her motion, Fox clarifies that the court (1) compel a forensic audit of HopeLink's financial records as related to federal housing funds, (2) compel disclosure of relevant financial records, and (3) refer the case to the U.S. Attorney's Office and the U.S. Department of Housing and Urban Development's Office of Inspector General for further investigation. ECF No. 124 at 2. This motion is fully briefed. *See* HopeLink's resp., ECF No. 125, Pl.'s reply, ECF No. 126.

Fox's motion is unsupported by points and authorities and it is therefore denied. *See* LR 7-2(a) ("The motion must be supported by a memorandum of points and authorities."). Further, the requests that I compel a forensic audit of HopeLink's financial records and "disclosure of relevant financial records" are vague and overbroad. Additionally, "it is well settled that private citizens lack a judicially cognizable interest in the prosecution . . . of another." *Ryan v. Lopez*, 2014 U.S. Dist. LEXIS 71690, at *7 (D. Or. May 23, 2014) (citing *Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (per curium)) Therefore, this court to cannot "refer" the matter to the United States Attorney's Office for investigation based on Fox's allegations alone. *See id.; see also see also United States v. Nixon*, 418 U.S. 683, 693–94 (1974) (finding that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case" and "Congress has vested in the Attorney General the power to conduct the criminal litigation of the United States Government"). This motion is denied.

### B. Ryan Kovacs, Le Croque Mitaine LLC, Orange Realty Group LLC, and Jason Mattson's motion to dismiss (ECF No. 77) is granted.

In their motion to dismiss, the Kovacs defendants argue that Fox's FAC must be dismissed because Fox fails to "provid[e] facts supporting the required elements of her claims[,]"

---

contradictory arguments at this time. Fox is again reminded to follow the local rules relating to filing a separate motion for each requested relief.

and the FAC "contains only mere recitations of the elements of her claims." ECF No. 77 at 2.[7] In her complaint, Fox brings both federal and state claims against the Kovacs defendants. *See generally* ECF No. 66. I address the federal claims first.

Fox alleges that the Kovacs defendants have improperly retaliated against her in violation of the Fair Housing Act (FHA) because she requested the necessary repairs to her apartment. *Id.* at ¶ 54. Fox states, "[r]ather than addressing the severe hazards in the apartment, they responded by issuing false warning notices, further neglecting repairs, and creating an environment that was hostile, intimidating, and unbearable for Plaintiff and her family." *Id.* In their motion, the Kovacs defendants argue that Fox has failed to state a claim for which relief can be granted because she provides no information in her FAC explaining what "false warning notices" and a "hostile, intimidating, and unbearable" environment means, and she provides no information detailing what form the retaliation took. ECF No. 77 at 8. Additionally, the Kovacs defendants point out that Fox does not provide any information as to "whom she made repair requests, who began sending false warning notices," and "how close these notices were in time to the repair requests." *Id.*

Under 42 U.S.C. § 3617, it is unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by [the FHA]. "As with any retaliation claim, [courts must] apply the familiar burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Scoggins v. Falcon Ct.*, 2025 U.S. Dist. LEXIS 59060, at *2 (E.D. Cal. Mar. 27, 2025) (quoting *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001)). To establish a prima facie case of retaliation under the FHA, a plaintiff must allege (1) she engaged in protected activity; (2) the defendant(s) subjected her to an adverse action; and (3) "a causal link exists between the protected activity and the adverse action." *Walker*, 272 F.3d at 1128 (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994)). "Protected activity" covers many types of actions but must relate to a plaintiff

---

[7] This motion is fully briefed. *See* Pl.'s Resp., ECF No 101; Kovacs defs.' Reply, ECF No. 106.

exercising her rights "granted or protected" by the FHA. *Macon v. Proud Ground Org.*, 2021 U.S. Dist. LEXIS 143910, at *17–18 (D. Or. July 30, 2021) (citing 42 U.S.C. § 3617).

        Fox fails to adequately allege that the alleged retaliation was caused by her repair requests. The court does find that Fox broadly alleges that as a result of her alleged disability,[8] defendants failed to address the numerous issues with her housing situation. But Fox provides no information about where or whom she submitted the repair requests, nor any identification of who issued the "false warning notices," or how close in time said notices were issued in relation to the repair requests. Without this information, I cannot properly ascertain whether there is a causal link between the protected activity and the alleged retaliation, and I would be forced to speculate as to the existence of that causal link. *See Rick-Mik Enters. v. Equilon Enters. LLC*, 532 F.3d 963, 973 (9th Cir. 2008) (granting motion to dismiss when the complaint lacked "factual specificity require to 'raise a right to relieve above the speculative level'") (citing *Twombly*, 550 U.S. at 555). Moreover, defendants cannot properly defend against the case if the complaint fails to set forth the allegations against them. *See Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (explaining that although the Federal Rules set forth a flexible pleading policy, a complaint must give fair notice to each defendant of the factual allegations against them and tie these specific factual allegations with each of the elements of each legal claim, stated plainly and concisely.). Because Fox has failed to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, this claim against the Kovacs defendants must be dismissed.[9]

---

[8] As explained further herein however, I do not find Fox has properly alleged her disability.

[9] Fox's claim also contains conclusory allegations that cannot survive a motion to dismiss. *See* ECF No. 66 at ¶ 54 ("defendants engaged in malicious retaliation" and created an environment that was "hostile, intimidating and unbearable"); *see also Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) ("Conclusory allegations . . . are insufficient to defeat a motion to dismiss."); *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' . . . 'will not do.'" (quoting *Twombly*, 550 U.S. at 555)). Because Fox's claim contains legal conclusions and because it lacks sufficient facts to state a claim that is plausible on its face. So, the retaliation claim is dismissed without prejudice on this ground as well.

Fox also alleges that the Kovacs defendants discriminated against her based on disability. ECF No. 66 at ¶¶ 123–40. Fox claims to bring this cause of action under "the [FHA], 42 U.S.C. § 3601 et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794." *Id.* at ¶ 124. Liberally construing the complaint, I find that Fox fails to properly allege her disability. Rather, the FAC merely alleges "disabled." *Id.* at ¶¶ 3, 17, 26, 29, 126, 145. Fox does not however allege specifically what her disability is, how it affects her, or how she is qualified as a person in a protected class. To properly allege the element of disability, a plaintiff must allege their disability falls within the ADA, and some factual "specificity." *See Bresaz v. Cnty. of Santa Clara*, 136 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015). The ADA defines disability as: (1) a physical or mental impairment that substantially limits one or more major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment. *See* 42 U.S.C. § 12102.

Fox also fails to allege how each defendant allegedly discriminated against her, what reasonable accommodations she requested, when those requests were made, nor does she explain how such requests were, in fact, reasonable. Without this information, the FAC lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Consequently, Fox has failed to state a claim of disability discrimination, so this claim is dismissed without prejudice.

Remaining are Fox's claims against the Kovacs defendants for breach of the implied warranty of habitability; negligence per se; constructive eviction; breach of the covenant of quiet enjoyment; intentional infliction of emotional distress; negligent infliction of emotional distress; negligence; breach of contract; breach of the implied covenant of good faith and fair dealing; tortious interference with contractual relations; negligent hiring, retention, and supervision; fraudulent misrepresentation; and unjust enrichment. Federal courts are courts of limited jurisdiction, and they may exercise supplemental jurisdiction over state-law claims that "are so

related to claims in the action" that they form the same case or controversy with the claims over which the court has jurisdiction. 28 U.S.C. § 1367(a). Once a plaintiff's federal claims are gone, the court may decline to exercise supplemental jurisdiction over remaining state-law claims. *Id.* at § 1367(c)(3); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court."). Because I have dismissed Fox's federal claims against the Kovacs defendants, I decline to exercise supplemental jurisdiction over the remaining state law claims against them at this time, so I dismiss them without prejudice. The court may reconsider dismissal if Fox files a second amended complaint, that complies with this order, that sufficiently alleges federal claims. Accordingly, the Kovacs defendants' motion to dismiss is granted, so Fox's claims against them are dismissed without prejudice.

**C. HopeLink's motion to dismiss (ECF No. 82) is granted.**

Fox brings the same claims against HopeLink as she does against the Kovacs defendants. *See generally* ECF No. 66. Additionally, Fox alleges that HopeLink violated § 504 of the Rehabilitation Act of 1973. *Id.* at ¶¶ 71–76. I address the federal claims first.

Fox's claims that HopeLink retaliated against her in violation of the FHA, and generally "discriminated against her based-on disability" are both dismissed without prejudice for the same reasons explained above, that is, she fails to properly allege her disability with any specificity, how it affects her, or how she is qualified as a person in a protected class, nor what sort of or when she made request for reasonable accommodations. *See supra*, pg. 12. Accordingly, this claim against HopeLink is dismissed without prejudice.

Fox also alleges that HopeLink violated § 504 of the Rehabilitation Act by "placing Plaintiff in a rental unit that was uninhabitable and failing to provide the accommodations necessary to safeguard her health[.]." ECF No. 66 at ¶ 72. She further alleges that "[t]he persistent plumbing issues, rampant mold, and vermin infestations created a living environment that was not only unsafe but actively dangerous to Plaintiff's disability and pregnancy." *Id.*

12

HopeLink argues that Fox fails to state a claim for breach of § 504 because she does not allege that she was denied any benefit by HopeLink solely by reason of her disability. Mot to dismiss, ECF No. 82 at 11. I agree.

Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794. To bring a § 504 claim, Fox must show (1) she is an individual with a disability; (2) she is otherwise qualified to receive benefits; (3) she was denied benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017).

A review of the complaint demonstrates that Fox's claim falls short of the Rule 8 pleading standard. Fox again fails to describe what her disability is or how it is a qualifying disability; she also fails to allege how she is otherwise qualified to receive benefits, what benefits she was allegedly denied, and how any alleged benefit denial was *because* of her disability. Fox has failed to plead the basic elements of a § 504 claim. Therefore, her claim is dismissed without prejudice.

I also dismiss without prejudice the state law claims against HopeLink for the same reasons I dismissed them against the Kovacs defendants, that is, I decline to exercise supplemental jurisdiction over the remaining state-law claims at this time. The court may reconsider dismissal if Fox files a second amended complaint, that complies with this order, and sufficiently alleging her federal claims.

**D. Leave to amend**

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto*, 957 F.2d at 658. As it is not wholly clear that amendment would be futile, I

grant Fox leave to amend all her claims against all defendants. Should Fox choose to file a second amended complaint (SAC), she must do so no later than **May 29, 2025**. Further, if Fox elects to file a SAC, she may not bring any new claims or defendants. Fox is cautioned that her failure or inability to offer *specific facts* to support each element of her claims against each of the defendants will likely result in the dismissal of the case with prejudice.

IV.   Conclusion

IT IS THEREFORE ORDERED that defendants Ryan Kovacs, Le Croque-Mitaine, LLC, Orange Realty Group LLC, and Jason Mattson's motion to dismiss **[ECF No. 77] is GRANTED.**

IT IS FURTHER ORDERED that HopeLink of Southern Nevada's motion to dismiss **[ECF No. 82] is GRANTED.**

IT IS FURTHER ORDERED that Fox's claims are **dismissed without prejudice and with leave to amend.** Should Fox choose to file a second amended complaint she must do so by **May 29, 2025**. If Fox does not file a second amended complaint by this deadline, or her amended complaint fails to state a cognizable claim against the defendants, this action may be dismissed with prejudice. If Fox elects to file a SAC, she may not bring any new claims or new defendants.

IT IS FURTHER ORDERED that Fox's motion for sanctions for bad faith litigation conduct [ECF No. 80] is DENIED.

IT IS FURTHER ORDERED that Fox's motion for leave to file excess pages **[ECF No. 90] is DENIED as moot.**

IT IS FURTHER ORDERED that Fox's renewed request for procedural leniency **[ECF No. 96] is GRANTED in part and DENIED in part**, as set forth in this order.

IT IS FURTHER ORDERED that Fox's motion for judicial estoppel and judicial notice [ECF No. 103] is DENIED.

IT IS FURTHER ORDERED that Fox's motions for judicial notice **[ECF Nos. 100, 104, and 105] are DENIED.**

IT IS FURTHER ORDERED that Fox's surreplies **[ECF Nos. 112, 113] are STRICKEN.**

IT IS FURTHER ORDERED that Fox's motion to compel a federal audit of HopeLink of Southern Nevada and demand for criminal investigation into fraudulent misuse of federal funds [ECF Nos. 123, 124] is DENIED.

Dated: April 30, 2025

_____
Cristina D. Silva
United States District Judge