UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Marcella Fox, | Case No. 2:24-cv-00047-CDS-NJK |
| Plaintiff | **Order Denying Plaintiff's Motions, Granting Defendant's Request Regarding Filing Oppositions, and Directing the Clerk's Office to File the Second Amended Complaint** |
| v. | |
| Ryan Kovacs, et al., | |
| Defendants | [ECF Nos. 129, 130] |

Last spring, this court entered an order resolving several motions, including the defendants' motions to dismiss. *See* Order, ECF No. 128. As part of that order, I dismissed the first amended complaint (FAC) without prejudice and with leave to amend. *Id.* at 14. That same order provided that if plaintiff Marcella Fox chooses to file a second amended complaint (SAC), she must do so by May 29, 2025, and that the SAC may not bring any new claims or new defendants. *Id.* On May 19, 2025, Fox filed two motions. First, she filed a motion for leave to clarify that the proposed SAC introduces no new claims or defendants. Clarif. mot., ECF No. 129. Second, she filed a renewed request for judicial notice in support of the SAC. Renew. mot., ECF No. 130. Defendants Jason Mattson, Ryan Kovacs, Le Croque Mitaine LLC, and Orange Realty Group LLC oppose both motions. Opp'n, ECF No. 131. In their opposition, the defendants seek an order from the court alleviating them from responding to Fox's motions to conserve time and resources. *See id.* at 5–6. These motions are now fully briefed. Replies, ECF Nos. 133, 134. For the reasons set forth herein, both motions are denied, and the defendants' request for a stay on filing responses to motions is granted as set forth herein.

I.       Discussion

    A.  **Fox's motion for clarification is denied.**

Fox's motion for clarification asks this court to confirm that (1) the SAC includes no new defendants, (2) all claims in the SAC "are derived from, elaborative of, or logically related to claims asserted in the First Amended Complaint," (3) the SAC includes "enhanced" factual details and "clearer legal articulation" of her claims, and (4) the SAC's references to the False Claims Act is for context only, and it does not constitute a standalone claim. ECF No. 129 at 2. Attached as exhibits to the motion were two notices (ECF Nos. 129-1, 129-2), a proposed order granting Fox's clarification motion (ECF No. 129-3), and the second amended complaint (ECF No. 129-4).[1] Defendants Mattson, Kovacs, Le Croque Mitaine LLC, and Orange Realty Group LLC oppose the motion, arguing the motion is inappropriate—namely because the request implicates the judicial cannon requiring that judges act with independence, fairness, and impartiality. *See* ECF No. 131 at 3-4.

I agree that Fox's motion is inappropriate and therefore must be denied, albeit for different reasons. First, "[t]he judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'" *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Thus, the role of an Article III federal judge "is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc); *see also Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (explaining that Article III's case-or-controversy requirement prevents federal courts from issuing advisory opinions). "The rule against advisory opinions is 'the oldest and most consistent thread in the federal law of justiciability,' reflecting the same core considerations that underlie the justiciability doctrine more generally." *Ctr. for Biological Diversity v. United States Forest Serv.*, 925 F.3d 1041, 1047 (9th Cir. 2019) (quoting *Flast*, 392 U.S. at 96). In order not to violate that rule, a case must satisfy two

---

[1] Because the SAC was filed before the May 29, 2025 deadline, I deem the SAC timely filed.

2

requirements: (1) it must present "an honest and actual antagonistic assertion of rights by one [party] against another," *id.* (quoting *U.S. Nat'l Bank v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 446 (1993)); and (2) the court "must be empowered to issue a decision that serves as more than an advisement or recommendation." *Id.* at 1048. Here, the SAC has not yet been docketed, there is no live controversy for this court to consider, much less a motion that is ripe for this court to resolve. In reality, Fox's motion is seeking an advisory opinion regarding the propriety of the SAC and its claims. Indeed, substantiating that this was Fox's intention is her reply to the motion, where she notes that the motion was "directed solely to the Court and did not request or require any input from Defendants." ECF No. 133 at 3. This is improper, so her motion is denied.

Second, Fox's motion must also be denied because she fails to cite any points and authorities in support of the relief she seeks. This District's Local Rules provide that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." Local Rule 7-2(d). Accordingly, Fox consents to this motion being denied. Fox is again reminded that she must comply with the rules of this court, to include the Local Rules and the Federal Rules of Civil Procedure and Evidence. *See* ECF No. 93 at 2; ECF No. 128 at 5 n.5.[2]

### B. Fox's motion for judicial notice is denied.

Fox's moves the court to take judicial notice of 16 filings already docketed in this action, contending that the filings are "[g]enerally known within the trial court's territorial jurisdiction; or . . . [are] [c]apable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned." ECF No. 130 at 1. As previously explained to Fox, "at any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and 'generally known within the trial court's territorial jurisdiction' and (2) adjudicative facts,

---

[2] Fox has previously realized the consequences of failing to comply with the Local Rules of a court in another action. *See Fox v. Alegre Grp.*, 2020 WL 2375227, at *2 (C.D. Cal. Apr. 17, 2020) (court granting motion against Fox because she failed to file a timely opposition in violation of that Court's local rules).

which 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" ECF No. 128 at 6 (quoting Fed. R. Evid. 201(b)(1)–(2)). The purpose of judicial notice is to eliminate "the need for formal fact-finding as to certain facts that are undisputed and easily verified." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).

Some of the filings Fox requests that I take judicial notice of include previously filed complaints and various motions, responses, or replies filed by the parties. ECF No. 130 at 2–3. These filings contain allegations and/or arguments of the parties, so it would be inappropriate to take judicial notice of them as they, by their nature, contain disputed information. *See Walker*, 454 F. Supp. 2d at 1022 (explaining that the court may not take judicial notice of disputed facts that are stated or implied in the documents for which plaintiff requests judicial notice); *see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (declining to take judicial notice of documents attempting to establish "[t]he underlying facts relevant to the adjudication of this case" and which "do not remotely fit the requirements of Rule 201").

As it relates to the prior complaints, Ninth Circuit law makes clear that a plaintiff may not simply refer to a previous complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) ("[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect . . . ."). That's why amended complaints must include all relevant facts even if they were previously asserted in an earlier complaint. *See id.* Thus, taking judicial notice of prior complaints would also be inappropriate as it is a clear effort to circumvent well established law that prior complaints are without legal effect.[3] Fox's contentions must be resolved through the usual process for adjudication of disputed facts.

---

[3] There are exceptions to this rule, but none apply here. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts may take judicial notice of proceedings in other courts if the proceedings have a direct relation to the matters at issue); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings."); *Watkins v. United States*, 854 F.3d 947, 950 (7th Cir. 2017) (concluding that it was proper for the district court to take notice of a complaint filed in state court, which contained "the same essential allegations as the present suit").

4

Finally, while a court can take judicial notice of its own records,[4] which constitutes the remainder of Fox's request, the court declines to do so here because there is simply no need to do so because they are already docketed. *Roberson v. Alameda Cnty.*, 2024 U.S. Dist. LEXIS 137569, at *33 (N.D. Cal. Aug. 2, 2024) ("The Court need not take judicial notice of its own docket.'); *see also NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 960 n.7 (N.D. Cal 2014) (reminding defendants that they need not seek judicial notice of documents previously filed in the same case, rather "[a]n accurate citation will suffice."). To the extent Fox needs to rely on those filings, she can cite them accordingly. Further, to the extent that Fox seeks judicial notice of the contents of those filings, that would be inappropriate as they contain disputed assertions or information. *See Reusser v. Wachovia Bank*, 525 F.3d 855, 858 n.3 (9th Cir. 2008) (declining to take judicial notice because the accuracy of the declaration is subject to reasonable dispute). Accordingly, Fox's renewed motion for judicial notice.

### C. The defendant's request for stay in responding to future motions filed by Fox is granted.

As a threshold matter, the defendants are reminded that Local Rule IC 2-2(b) requires that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." LR IC 2-2(b). The defendants violated this rule by including their request for a stay from responding to every motion filed by Fox in their opposition to her motions. The defendants are reminded that they too must comply with the Local Rules. Nonetheless, I grant their request in part. The defendants need not respond to any motion filed by Fox unless directed to do so by the court. The only exception is that the defendants are required to respond to any dispositive motion filed by Fox.

---

[4] *See United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) ("A district court may properly take judicial notice of its own records.")

II.        Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion for clarification **[ECF No. 129]** and renewed motion for judicial notice **[ECF No. 130] are DENIED.**

IT IS FURTHER ORDERED that the defendants' request for stay on filing responses to future motions filed by the plaintiff is **GRANTED** as set forth in this order. Excepting dispositive motions, the defendants do not need to file a response to every motion filed by plaintiff unless directed to do so by the court. The defendants' lack of opposition to those motions will not be construed as a failure to comply with Local Rule 7-2.

I kindly direct the Clerk of Court to detach the second amended complaint [ECF No. 129-4] and file it on the docket. The defendants will then have twenty-one days to file a responsive pleading.

Dated: February 25, 2026

_____
Cristina D. Silva
United States District Judge

6